UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCISCO SANTOS,

                          Plaintiff,

                -against-

DANIEL CROSS, P.O.; JOHN BRENNAN,
P.O.M.; CLIFFORD ADER, DT2; DOMINICK
DiMAGGIO, ADA; FELICITY LUNG, ADA;
JENNIFER N. RUSSELL, ADA; DARCEL D.
CLARK, DA,

                          Defendants.

20-CV-4493 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

        Plaintiff, currently incarcerated in Five Points Correctional Facility, brings this *pro se*

action under 42 U.S.C. § 1983, alleging that Defendants violated his rights by arresting,

detaining, and prosecuting him on criminal charges arising out of a car crash. By order dated July

29, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in*

*forma pauperis* (IFP).[1] For the reasons set forth in this order, the Court dismisses this action.

## STANDARD OF REVIEW

        The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480

F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks

subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on

any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*,

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff bring this action against three police officers – Daniel Cross, John Brennan, and Clifford Ader – with the New York City Police Department (NYPD), 46th Precinct, located in the Bronx; three Assistant District Attorneys (ADAs) – Dominick DiMaggio, Felicity Lung, Jennifer N. Russell – with the Bronx District Attorney's Office; and the Bronx District Attorney – Darcel D. Clark.

The following facts are taken from the complaint and attached documents. At midnight on May 10, 2009, Plaintiff, along with two other individuals, was involved in a one-car crash accident in the Bronx. Callers reported the accident to 911, with one eyewitness stating that he saw one of the three individuals in the accident running away from the car about an hour after the crash. Shortly after, first responders – who were initially unable to pinpoint the location of the crash – arrived on the scene followed by Cross. The first responders informed Cross that they discovered in the car two injured male and a gun. Cross secured the gun and then assisted with removing Plaintiff from the crashed car, placed him face down on the concrete ground, and conducted a pat frisk of his person. After confirming that Plaintiff did not possess weapons or contraband, Cross handcuffed Plaintiff and instructed another police officer to watch him. Because of serious injuries he had sustained in the crash, Plaintiff was then placed in an ambulance and transported to St. Barnabas Hospital, where he underwent major surgery for a broken femur bone. During his pre-surgery and surgery, Plaintiff was handcuffed to the bedrail under constant police supervision.

After his surgery, Plaintiff was given strong doses of medication to alleviate his severe pain and he was placed in ICU to recuperate. About twenty minutes after the surgery, while he was under the influence of the medication, Brennan and Ader arrived, and after administering *Miranda* warnings, "interrogated and coerced the Plaintiff into making a false self-incriminating confession." (ECF No. 2, at 15 ¶ 34.) The two officers also "coerced" Plaintiff into signing a written statement of his confession with the promise that Plaintiff would be allowed to contact his family and would not be criminally prosecuted. (*Id*. at 16 ¶¶ 36-38.) But upon obtaining the confession, Brennan and Ader contacted DiMaggio of the Bronx District Attorney's Office, seeking to prosecute Plaintiff on criminal charges.

After Brennan and Ader contacted him, DiMaggio called St. Barnabas Hospital requesting permission to bring a video recording camera to the hospital to interrogate Plaintiff. The hospital denied the request because of Plaintiff's medical condition. But DiMaggio persisted, and the next day, he, Brennan, and Ader, along with a technician, came to the hospital and obtained from Plaintiff a "coerced-compliant false confession video statement," while Plaintiff was kept "incommunicado, deprived of a free will handcuffed to the bedrail, under the false arrest in the custody of N.Y.C. Police and under the influence of the false promises made to [him] by the same law enforcement." (*Id*. at 20 ¶ 47.) Once they obtained the video statement, Brennan and Ader placed Plaintiff under arrest on charges arising from the car crash. The next day, May 12, 2009, the officers again arrested Plaintiff on charges that he had shot and killed a livery cab driver while being a passenger.

After the second arrest, Plaintiff was discharged from the hospital and transported to the NYPD precinct, where he was fingerprinted and placed in a cell. Two days later, Plaintiff was arrested for a third time and transferred by the police to the custody of the New York City

Department of Correction. On May 20, 2009, DiMaggio and Lung used the coerced written and video confessions to obtain a Grand Jury indictment against Plaintiff, charging him with murder in the second degree, manslaughter in the first degree, and criminal possession of a weapon in the second degree. A week later, the ADAs filed the indictment in the Bronx Supreme Court, and two months later, Plaintiff was arraigned on the charges. On December 22, 2011, a "*Huntley* hearing" was held concerning the coerced statements.[2] Two days later, after a jury trial, Plaintiff was convicted of second-degree murder, and on January 18, 2013, he was sentenced to imprisonment of twenty-five years to life.

On June 20, 2019, Plaintiff submitted a request to the NYPD under New York State Freedom of Information Law (FOIL), and obtained documents concerning the car crash. He then filed a "Prosecutorial Misconduct Complaint" with the Bronx District Attorney's Office, accusing the police and the ADAs of misconduct and seeking dismissal of the indictment, exoneration on all charges, and his immediate release from prison. (*Id*. at 55.) But by letter dated February 21, 2020, Russell responded that the District Attorney's Office would not review or investigate the complaint because Plaintiff had an appeal pending in which he was represented by counsel.

**DISCUSSION**

Plaintiff brings this action asserting that Defendants unlawfully arrested and detained him, committed misconduct to secure the "false self-incriminating confession" statements, and then misled the District Attorney's Office, the grand jury, the state-court, and the jury to obtain a

---

[2] A *Huntley* hearing is held pursuant to *People v. Huntley*, 15 N.Y.2d 72,77-78 (1965), to determine the admissibility of statements made by a criminal defendant.

wrongful conviction. (*Id*. at 29 ¶ 74.) He seeks suppression and expungement of the allegedly false statements, dismissal of the indictment and conviction, and monetary damages.

## A.      Untimely Claims

Plaintiff's claims appear to be untimely. The statute of limitations for claims under 42 U.S.C. § 1983 is found in the "general or residual [state] statute [of limitations] for personal injury actions," *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In New York, that period is three years. *See Pearl v. City of Long Beach*, 296 F.3d 76, 79-80 (2d Cir. 2002). Claims under § 1983 generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013). A false arrest claim under § 1983 accrues, for example, when the false arrest ends, that is, once the arrestee "becomes held pursuant to legal process – when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace v. Kato*, 549 U.S. 384, 389 (2007); *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006) ("A cause of action for false arrest accrues at the time of detention.").

Plaintiff brings the complaint asserting claims arising out of his arrest, detention and prosecution, which took place from May 10, 2009, to January 18, 2013. But the Court received this action from Plaintiff on June 11, 2020, more than eleven years after his arrest, and more than seven years and several months after he was convicted of the charges against him.

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011)*; see also Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal under 28 U.S.C. § 1915(d) on statute of limitations grounds). A district court should grant notice and

opportunity to be heard, however, before dismissing a complaint *sua sponte* on statute of limitations grounds. *Abbas*, 480 F.3d at 640.

It is clear that Plaintiff filed his claims well beyond the applicable statute of limitations. Normally, the Court would grant him leave to plead any facts showing that equitable tolling applies. But as discussed below, Plaintiff fails to state any claim for relief, and therefore, it is appropriate to dismiss his untimely claims.

**B.     False Arrest and Malicious Prosecution**

**1.     Plaintiff may not seek dismissal of the indictment and his conviction and release from custody in this civil action**

Plaintiff brings this action seeking suppression and expungement of the allegedly false statements and dismissal of the indictment and his conviction. But a civil rights action under § 1983 is not the proper vehicle to challenge the validity of an arrest and prosecution resulting in a conviction, or to seek release from custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). Plaintiff can obtain such relief only by bringing a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (noting that writ of *habeas corpus* is sole remedy for prisoner seeking to challenge the fact or duration of his confinement). A state prisoner may not circumvent the exhaustion requirement for *habeas corpus* relief by requesting relief from his conviction or release from custody in a civil action. *Preiser*, 411 U.S. at 489-90.

Plaintiff, who is also known as Francisco Tineo-Santos, has a pending § 2254 *habeas corpus* petition before Judge Mary Kay Vyskocil of this Court, in which he challenges his conviction of murder in the second degree. *See Tineo-Santos v. Piccolo*, ECF 1:19-CV-5038, 1 (S.D.N.Y. filed May 30, 2019). He is represented by counsel in that action. Thus, to the extent

Plaintiff seeks relief from his conviction based on Defendants' alleged misconduct, he must seek

such relief in that *habeas corpus* action.

>   **2.     Plaintiff may not seek damages for claims arising from criminal proceedings
>   until his conviction is overturned**

Plaintiff's assertions amount to claims that he was falsely arrested, unlawfully detained,

and maliciously prosecuted. But even if he had asserted timely and appropriate claims

under§ 1983, any claims for damages or equitable relief are barred by the favorable termination

rule set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The United States Supreme

Court has explained:

>   that a state prisoner's § 1983 action is barred (absent prior invalidation) – no
>   matter the relief sought (damages or equitable relief), no matter the target of the
>   prisoner's suit (state conduct leading to conviction or internal prison proceedings)
>   – *if* success in that action would necessarily demonstrate the invalidity of
>   confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (italics in original); *see Heck*, 512 U.S. at 486-87

("[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment,

or for other harm caused by actions whose unlawfulness would render a conviction or sentence

invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct

appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

determination, or called into question by a federal court's issuance of a writ of *habeas*

*corpus*[.]").

Because success on Plaintiff's claims would necessarily imply the invalidity of his

conviction – and he does not assert that his conviction has been overturned or otherwise

invalidated – *Heck*'s favorable termination rule bars the § 1983 claims for damages and equitable

relief. *See Perez v. Cuomo*, No. 09-CV-1109 (SLT), 2009 WL 1046137, at *7 (E.D.N.Y. Apr.

17, 2009) ("Since plaintiff's conviction remains valid, plaintiff's claim for violation of his right

to a fair trial is not cognizable under § 1983."). The Court must therefore dismiss Plaintiff's claims arising from his arrest, detention, and prosecution.

Plaintiff's claims with respect to the events leading to his arrest, detention, prosecution, and conviction are untimely, precluded by *Heck*, and fail to arise under § 1983. Because he fails to state a claim for relief under § 1983, the complaint must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.      Leave to Amend Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). All other pending maters are terminated.

SO ORDERED.

Dated:    August 5, 2020
          New York, New York

                                        _Louis L. Stanton_
                                        Louis L. Stanton
                                        U.S.D.J.