UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FRANCISCO SANTOS,

                Plaintiff,

-against-

DANIEL CROSS, P.O.; JOHN BRENNAN, P.O.M.; CLIFFORD ADER, DT2; DOMINICK DiMAGGIO, ADA; FELICITY LUNG, ADA; JENNIFER N. RUSSELL, ADA; DARCEL D. CLARK, DA,

                Defendants.

20-CV-4493 (LLS)

ORDER

---

LOUIS L. STANTON, United States District Judge:

By order dated August 5, 2020, the Court dismissed this action under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.[1] (*See* ECF No. 8, entered Aug. 6, 2020.) On August 27, 2020, the Court received Plaintifff's notice of appeal (*see* ECF No. 12), and three days later, transmitted the notice to the United States Court of Appeals for the Second Circuit. Over one month later, on October 6, 2020, the Court received Plaintiff's motion for reconsideration and declaration in support of the motion, which are both dated September 20, 2020. (*See* ECF Nos. 15-16.)

As Plaintiff's case is now on appeal, the Court no longer has jurisdiction over this action.[2] *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of

---

[1] On August 18, 2020, after the dismissal of this action, Plaintiff submitted a motion requesting service of the summons and complaint on the defendants by the U.S. Marshals. (*See* ECF Nos. 10-11.) That request is now denied as moot.

[2] Under the Federal Rules of Appellate Procedure, if a party (1) files a motion under Federal Rule of Civil Procedure 59 or 60 within 28 days after judgment is entered, *see* Fed. R. App. P. 4(a)(4)(A), and (2) files a notice of appeal before the district court disposes of that motion, then the notice of appeal does not become "effective" until after the district court rules

a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). Because Plaintiff's appeal divests this Court of jurisdiction over the action, the Court directs the Clerk of Court to terminate the motion.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Because Plaintiff's appeal divests this Court of jurisdiction over the action, the Clerk of Court is also instructed to terminate the motion for reconsideration (ECF No. 15). The Court also denies as moot Plaintiff's motion for service of the summons and complaint on the defendants (ECF No. 10), and directs the Clerk of Court to also terminate that motion.

The Clerk of Court is further directed to deliver a copy of this order to the Clerk of the United States Court of Appeals for the Second Circuit.

SO ORDERED.

Dated:   October 16, 2020
         New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.

---

on the motion, *see* Fed. R. App. P. 4(a)(4)(B)(i). Because Plaintiff did not file this motion within 28 days after his judgment was entered, this rule does not apply.